604 A.2d 59

**BALTIMORE POLICE DEPARTMENT**

v.

**Errol ETTING.**

**No. 154, Sept. Term, 1990.**

Court of Appeals of Maryland.

April 8, 1992.

Michael A. Fry, Asst. Sol. (Neal M. Janey, City Sol., Otho M. Thompson, Associate Sol., on brief), Baltimore, for appellant.

Michael Marshall (Herbert R. Weiner, Schlachman, Belsky, and Weiner, P.A., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ.

McAULIFFE, Judge.

The Law Enforcement Officers' Bill of Rights (LEOBR) imposes a one-year limitation on the bringing of administrative charges against a law enforcement officer of this State, except when the charges are "related to criminal activity or excessive force." Maryland Code (1957, 1992 Repl.Vol.) Art. 27, § 730(b). Administrative charges in this case were filed beyond the one-year limitation, and the question before us is whether these charges are "related to criminal activity" within the meaning of the statute.

I.

Administrative charges were filed in March, 1990, against Detective Errol Etting of the Baltimore City Police Department (the Department), charging misconduct arising out of an event which occurred on 19 October 1988, in Baltimore County. At the time of the event, Etting was investigating a robbery that had occurred in Baltimore City. His investigation led him to Baltimore County, where he enlisted the aid of Sergeant Kathleen O'Donnell and other officers of the Baltimore County Police Department. On 19 October 1988, Etting, in the company of Baltimore County officers, allegedly entered a residence in Baltimore County without permission and with his gun drawn, and there conducted a search of persons and of the premises, and arrested certain persons, all without a warrant or probable cause. On the day following the incident, Sgt. O'Donnell filed a complaint against Etting with the Internal Investigation Division of the Baltimore City Police Department (the IID). She alleged, among other things, that Etting had intentionally misled her to obtain her cooperation and had incorrectly reported the events which had occurred. The IID began an investigation, and the matter also came to the attention of the Office of the State's Attorney for Baltimore County. The record reflects that an Assistant State's Attorney in that office concluded that criminal charges against persons arrested during the course of the 19 October 1988 incident would have to be nolle prossed, due to the questionable actions of Etting and another detective who was working with Etting. Furthermore, that Assistant State's Attorney decided the case should be reviewed for possible criminal action against Etting and the other detective. Because a close relative of Etting worked in the Baltimore County State's Attorney's Office, the matter was referred to the Anne Arundel County State's Attorney's Office for review.

On 14 March 1989, an Assistant State's Attorney for Anne Arundel County wrote to the Deputy State's Attorney for Baltimore County, informing her that although he found "reprehensible" conduct on the part of the two detectives,

he felt that "little would be accomplished by instituting criminal proceedings at this time." He said, among other things:

At this time, I am declining criminal prosecution. While I do not completely rule out the possibility of some prosecution in the future, if new evidence turns up, I consider this matter to be closed from a criminal standpoint.

\* \* \* \* \* \*

I think this matter is best handled administratively within each of these departments. As a matter of fact it is my earnest recommendation that each police department take the strongest action it possibly can to assure members of the public that this type of activity will not be repeated by the police.

It is not clear from the record when the Baltimore City Police Department learned of the State's Attorney's decision not to prosecute Etting. Etting testified that an IID officer showed him a copy of the letter on 17 March 1989. In one of its pleadings, the Department contended it did not learn of the decision until June of 1989. In any event, when it became clear there would be no criminal prosecution against Etting, the IID completed its investigation. By its report of 22 August 1989, the IID concluded that allegations of misconduct involving the entry of the dwelling, the arrest, and the search had been sustained, as had allegations of making a false report and neglect of duty by failing to properly follow up an investigation. One charge of misconduct, referred to only as "narcotics," was found not to have been sustained.

Formal administrative charges against Etting were filed by the Department on 1 March 1990, and a Departmental Trial Board hearing was scheduled for 9 May 1990. On 5 April 1990, Etting filed, in the Circuit Court for Baltimore City, a complaint for injunctive relief against the Department and the Commissioner of Police, alleging that he was being deprived of a right of limitation granted him by the LEOBR and asking that the court permanently enjoin the

prosecution of administrative proceedings against him. The defendants filed a motion to dismiss the complaint, alleging that the one-year limitation for filing of administrative charges was not involved because the charges against Etting were "related to criminal activity" within the meaning of Art. 27, § 730(b).

After a hearing, Judge Thomas Ward denied the motion to dismiss and granted Etting's request for a permanent injunction. Although the basis for the trial judge's decision is not entirely clear, it appears he felt the Department had waited too long to bring administrative charges against Etting after learning that there would be no criminal prosecution. The defendants appealed to the Court of Special Appeals, and we issued a writ of certiorari on our own motion before consideration of the case by that Court.

## II.

That portion of the LEOBR which imposes a limitation on the filing of administrative charges against law enforcement officers provides as follows:

(b) *Limitation of actions.*—(1) Administrative charges may not be brought against a law enforcement officer unless filed within 1 year after the act that gives rise to the charges comes to the attention of the appropriate law enforcement agency official.

(2) The 1–year limitation of paragraph (1) of this subsection does not apply to charges related to criminal activity or excessive force.

Article 27, § 730(b). The statutory authority upon which Etting relied to seek immediate injunctive relief from the circuit court is Art. 27, § 734, which provides:

Any law enforcement officer who is denied any right afforded by this subtitle may apply at any time prior to the commencement of the hearing before the hearing board, either individually or through his certified or recognized employee organization, to the circuit court of the county where he is regularly employed for any order

directing the law enforcement agency to show cause why the right should not be afforded.

The special statute of limitations with which we are here concerned was introduced as Senate Bill 632 and enacted as Chapter 330 of the Laws of 1988. The Floor Report of the Senate Judicial Proceedings Committee provides background information on the bill:

Current law does not provide a time limit for the filing of administrative charges against a law enforcement officer under the Law Enforcement Officers' Bill of Rights.

Testimony indicated that there have been many instances where a law enforcement officer who has committed a minor infraction has had that minor infraction held over his head for an extended period of time, resulting in significant uncertainty as to when, or even if, any disciplinary action is to be taken. The types of minor infractions referred to in this bill include administrative offenses such as improper wearing of a uniform, or not completing or signing a gasoline trip ticket. It is unfair, unreasonable, and serves no useful purpose to allow a supervisor to withhold the filing of such administrative charges indefinitely.

At some point, supervisory officials should be required either to file the administrative charge against the officer or to drop the charge so that the officer is relieved of the anxiety and concern that results from not knowing if or when the charge will be officially brought against the officer. One year offers supervisory personnel ample opportunity to evaluate the need for discipline for a particular infraction against the officer's record, corrective action taken by the officer, and the officer's performance subsequent to the infraction.

The Senate Judicial Proceedings Committee amended subsection (2) to read:

(2) The 1–year limitation of paragraph (1) provided under this subsection does not apply to charges related to criminal activity or to those instances in which the agency determines that filing administrative charges within the

one year period would adversely affect a pending or ongoing criminal investigation or court proceeding.

That amendment was adopted by the Senate but deleted by the House, and the bill passed with this subsection in its original form. Throughout the amendment process, no change was made to the language excepting from the one-year period of limitations "charges related to criminal activity."

The parties are at odds over what the General Assembly intended to include within the phrase "charges related to criminal activity." Etting argues that the Department must prove he was guilty of criminal activity in order to avail itself of the exception, and must in any event include in the administrative charges an allegation that he committed one or more specific violations of the criminal law. The Department contends it need only make a "prima facie" showing that criminal conduct was involved in the original incident. The parties also disagree whether the exception, where applicable, will apply only to administrative charges that involve criminal conduct or to all charges growing out of the event. Finally, the parties do not agree on the effect of the exception when criminal charges are reasonably contemplated but a decision is thereafter made within a year not to bring such charges.

■ We shall resolve these conflicts by interpreting the statute, and in so doing we will attempt to give effect to what we believe to have been the legislative intent. *Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481 (1991); *Kaczorowski v. City of Baltimore,* 309 Md. 505, 513, 525 A.2d 628 (1987). We think it clear the legislature intended to exclude from the operation of the one-year limitation all administrative charges arising from an event whenever there exists an objectively reasonable basis to believe that an officer's conduct involved criminal activity and that an investigation to determine whether criminal charges will be filed is either under way or is likely to be initiated within a reasonable time. Until such time as that reasonable basis ceases to exist, whether through the absence of an investigation

within a reasonable time, or through an investigation establishing no criminal activity, or through an official indication that any criminal activity will not be prosecuted, all charges arising out of the incident in question are exempt from the one-year limitation.

Our reading of the statute avoids the problems hypothesized by the parties regarding 13–month delays before a determination is made by the State's Attorney's Office, and obviates the need to file charges preemptively to protect the Department's interest in the event prosecution is declined. It also avoids imposing on the Department a requirement that it investigate and file noncriminal charges arising from a given incident when it is entitled to postpone the filing of other charges arising from the same incident.

■ At the same time, this reading does not give the Department the discretion to treat all charges as falling within the exception. Simply including a charge that an officer violated Departmental Rule 1, § 18 by committing a criminal act will not transform an otherwise late filing into a timely allegation of criminal activity if the Department did not during the time of the delay have a reasonable basis to believe that a criminal investigation or prosecution was likely.

■ Moreover, the fact that an officer might have been charged with the common law offense of misconduct in office, *see Chester v. State*, 32 Md.App. 593, 600–10, 363 A.2d 605, *cert. denied*, 278 Md. 718 (1976), will not save a late filing where there was no objectively reasonable basis to believe that the appropriate authorities were actively considering the bringing of such a criminal charge. Thus, as the Department concedes, the Department will not be able to hold relatively minor infractions over the head of an officer for an indefinite period of time simply by contending that it might have been able to also proceed against the officer for the offense of misconduct in office.

### III.

In the instant case, the result is clear. From the outset, there was objectively reasonable concern on the part of the Department and the State's Attorney's Office that Etting's conduct involved criminal activity. The State's Attorney's Office undertook a reasonably prompt investigation, and did not conclude until March of 1989 that criminal charges would not be brought against Etting for his conduct on 19 October 1988. When that decision was made the IID completed its investigation and forwarded its findings, and administrative charges were drawn. Contrary to the contention of Etting, the one-year period of limitations did not then relate back to the date the original incident came to the attention of the Department. Rather, the one-year period of limitations began to run when the Department had knowledge that criminal charges would not be filed. Administrative charges were filed within a year of the time the Department gained such knowledge, and thus there was no violation of the limitations established by the LEOBR.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO ENTER JUDGMENT IN FAVOR OF THE DEFENDANTS; COSTS TO BE PAID BY APPELLEE.